*First District Court of Southern Middlesex*

No. 20881

*Northern District*

No. 4946

## CHARLES A. LAWYER, PPA

v.

## BERNARD QUITT

(May 28, 1956)

*Eno, J.* This is an action of contract by which the plaintiff, a minor, seeks to recover $280.00 alleged to have been paid to the defendant towards the purchase of an automobile, having notified the defendant that he was repudiating his contract because he was a minor. The answer is a general denial.

At the trial before (*Luby, Sp. J.,*) there was evidence that the plaintiff, a minor, purchased an automobile from the defendant on June 14, 1954. The price was $475.00, of which he paid $40.00 as a down

payment, and the balance was to be paid at the rate of $10.00 per week.

The defendant knew that the plaintiff was a minor, and he told the latter that it would be necessary to have his father sign a conditional bill of sale. The father refused to do so. Then the plaintiff asked if his brother, Donald, an adult could purchase the automobile, and the defendant said that he could.

The defendant introduced in evidence, over the objection of the plaintiff, a conditional bill of sale, dated June 15, 1954, signed by the plaintiff's brother, Donald. The price is shown to be $475.00, with a cash payment of $40.00 and the balance in weekly payments of ten dollars each.

There was also introduced in evidence a report of the sale in accordance with G. L. c. 140, §63, showing that the automobile had been sold to Donald Lawyer.

The said Donald Lawyer testified that on June 15, 1954, he was working at Walpole between the hours of 7 a.m. and 5 p.m.; that he never went inside the place of business of the defendant with his brother; that he did drive and stop at the defendant's place of business with the plaintiff and made payments on the repair on his own automobile; that he only made one payment of $10.00 on the automobile involved in this action.

He admitted that the signature on the conditional bill of sale was his; that he did not know how it was procured, unless it was on March 12, 1955, when he made his last payment on the repairs of his transmission; that at that time the defendant pulled a paper from a drawer and said "This is in full payment—sign this paper," which he signed without reading because he had faith in the defendant, from whom he had purchased an automobile on a conditional bill of sale.

He further stated that he lived with his father and the plaintiff and that he never talked with the defendant about his brother's automobile until March

12, 1955, when he was told by him that the plaintiff was taking him to Court.

The sum of $280.00 was paid on account of the automobile of which less than half was paid personally by the plaintiff, all payments were made on the obligation of Donald Lawyer, Jr. The defendant repossessed the automobile because of defaults in payments.

At the close of the trial the defendant asked the Court to make the following rulings:

1. On the evidence a finding is warranted for the defendant.
2. The only contractual relationship was under the conditional sales contract between Donald Lawyer, Jr. and the defendant.
3. There was no contractual relationship between the plaintiff and the defendant as a matter of law.
4. There was no contractual relationship between the plaintiff and the defendant as a matter of fact.
5. The automobile was sold by the defendant to Donald Lawyer, Jr. under a conditional sales contract.
6. All payments made to the defendant were made on the conditional sales contract signed by Donald Lawyer, Jr.

The Court allowed the first request, but with the qualification that it had no application in view of his findings of fact; denied those numbered 2, 5, and 6, with a similar qualification; and also denied those numbered 3 and 4 without any qualification.

The trial judge made the following findings of fact:

"Upon all the evidence in this case I find that on, or about June 14, 1954, the defendant sold to the plaintiff, who was then a minor, an automobile for the agreed sum of $475. I find that this sale was made directly to the minor and was not through anybody else and no other person had anything to do with the purchase of the automobile in question except Charles A. Lawyer, the plaintiff. I find that subsequently, to wit: on or about January 29, 1955, after the automobile had been repossessed by

the defendant, the plaintiff while still a minor disaffirmed and disavowed his contract and demanded the return of the money which he had paid on account of the purchase price of the automobile. Counsel agreed in open Court that this amount would be $280.00. I find as a fact that the automobile was not a necessity to the minor and he was perfectly within his legal rights to disavow this contract of sale of the automobile by the defendant to him."

The Court found for the plaintiff in the amount of $280.00 with interest from February 1, 1955.

Whether the automobile was purchased by the plaintiff or by his brother, Donald, was a question of fact to be found by the trial judge. While he could have been more specific in finding when the conditional sale agreement was actually signed by the brother, his findings of fact inferentially show that the brother never signed the conditional sale agreement until after the automobile had been repossessed.

Having found that the sale of the automobile was made "directly to the minor and was not through anybody else and no other person had anything to do with the purchase *** except *** the plaintiff," the defendant's requests became immaterial and there was no prejudicial error in their denial, and the report is to be dismissed. *Horton v. Tilton*, 325 Mass. 79, 80.

William P. Di Vitto, for the plaintiff.

Morris Shapiro, for the defendant.